USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/27/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

JOEL FELIZ,  :

            Plaintiff,  :

  -against-  :

PARKOFF OPERATING CORP., d/b/a  :
"Parkoff Management," d/b/a
"The Parkoff Organization,"  :
et al.,
        :

           Defendants.
        :
----------------------------------X

17 Civ. 7627 (HBP)

OPINION
AND ORDER

      PITMAN, United States Magistrate Judge:

      This matter is before me on the parties' joint application to approve their settlement. All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

      From February 2014 until August 2017, plaintiff was the live-in superintendent at an apartment building located at 441 Third Avenue in Manhattan. Plaintiff also performed janitorial work at another apartment building located at 519 Second Avenue, also in Manhattan. Plaintiff alleges that he frequently worked in excess of 40 hours per week but did not receive overtime premium pay at one and one-half times his regular hourly rate, as required by both the Fair Labor Standards Act, 29 U.S.C. §§ 201,

et seq., and the New York Labor Law ("Labor Law"). Plaintiff estimates his total unpaid overtime wages to be $68,000.00 Plaintiff also seeks (1) statutory damages in the amount of $10,000.00 as a result of defendants' alleged failure to provide him with the wage statements and wage notices required by the Labor Law and (2) damages of $4,000.00 to compensate for defendants' allegedly illegal deductions from his wages.

Plaintiff's employment was terminated in August 2017. At the time of his termination, plaintiff received a $5,000.00 payment from defendants in exchange for a release of his claims against defendants.

Although defendants do not seriously contend that the release plaintiff previously provided is effective with respect to plaintiff's FLSA claim, they do contend that plaintiff's claimed overtime hours are inflated and that plaintiff's claims should be limited to the two-year limitations period applicable to non-willful violations of the FLSA. Defendants maintained time records which, if credited, support their defense that plaintiff has overstated the hours that he worked.

The parties and their counsel participated in a settlement conference before me on February 26, 2018 at which they agreed to resolve this matter for the sum of $55,000.00, in addition to the $5,000.00 previously paid to plaintiff. Of the

$55,000 settlement amount, the gross amount of $37,000 is allocated to plaintiff's FLSA claim. One-third of this amount will be allocated to wages, one third will be allocated to interest and penalties and the remaining one third will be allocated to plaintiff's attorney's fees. Thus, of the $37,000.00, plaintiff will receive $24,666.67 and his counsel will receive $12,333.33. In return for the $37,000.00 payment, plaintiff will release all wage and hour claims against defendants. The remainder of the $55,000.00 settlement amount, or $18,000.00, will be allocated to plaintiff's claims under the Labor Law. One-third of this amount will be allocated to wages, one third will be allocated to interest and penalties and the remaining one third will be allocated to plaintiff's attorney's fees. Thus, of the $18,000.00, plaintiff will receive $12,000.00 and counsel will receive $6,000.00. In return for the $18,000.00 payment, plaintiff will provide defendants with a general release. Payment is to be made within seven days of plaintiff's providing the releases. Of the total amount of $60,000.00 that defendants have paid and are paying to plaintiff, plaintiff will receive a total of $41,666.67 and counsel will receive a total of $18,333.33.

        Court approval of an FLSA settlement is appropriate

> "when [the settlement] [is] reached as a result of contested litigation to resolve <u>bona fide</u> disputes." <u>Johnson v. Brennan</u>, No. 10 Civ. 4712, 2011 WL 4357376

> at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed
> settlement reflects a reasonable compromise over
> contested issues, the court should approve the
> settlement." Id. (citing Lynn's Food Stores, Inc. v.
> United States, 679 F.2d 1350, 1353 n.8 (11th Cir.
> 1982).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein M.J.) (internal quotation marks omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. KeyBank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, supra 679 F.2d at 1353-54.

In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA]
> settlement is fair and reasonable, a court should
> consider the totality of the circumstances,
> including but not limited to the following
> factors: (1) the plaintiff's range of possible
> recovery; (2) the extent to which the settlement will

4

> enable the parties to avoid anticipated burdens and
> expenses in establishing their respective claims and
> defenses; (3) the seriousness of the litigation risks
> faced by the parties; (4) whether the settlement
> agreement is the product of arm's-length bargaining
> between experienced counsel; and (5) the possibility of
> fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, even after deduction of legal fees and costs, plaintiff will receive approximately 61.3% of his claimed unpaid overtime premium pay. Given the risks of litigation, this settlement figure is clearly reasonable. As noted above, defendants dispute the number of hours plaintiff worked and have time records, which, if credited, support their contentions. Given the risks inherent in litigating these issues, the settlement figure represents a fair compromise.

Second, the settlement will entirely avoid the burden, expense and aggravation of litigation. No depositions have taken place yet. If the case were to proceed, several depositions would need to be taken. The settlement avoids the necessity of conducting this discovery.

Third, the settlement will enable plaintiffs to avoid the risks of litigation. As noted above, defendants dispute the number of hours plaintiff claims to have worked and have documentary evidence which, at least on its face, supports defendants'

5

position. Plaintiff, therefore, faces the risk that a fact finder may credit defendants. Thus, the amount plaintiff would recover at trial is far from certain. See generally Bodon v. Domino's Pizza, LLC, 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the many uncertainties the class faces . . . ." (internal quotations marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted)).

Fourth, the amount of the settlement was suggested by the undersigned. This fact, and the fact that the settlement was reached at a mediation presided over by the undersigned provide assurance that the settlement was not the product of collusion.

Fifth, there are no factors here that suggest the existence of fraud. The settlement was reached after a mediation

6

before the Court, further negating the possibility of fraud or collusion.

The settlement segregates the amount being paid to settle the FLSA claims and the amount being paid to settle the Labor Law claims and provides for a general release in return for the sum being paid to settle the Labor Law claims only. Although an employer may not usually obtain a general release in return for settling an FLSA claim, bifurcated settlements, such as the one under consideration here, may include a general release with respect to the settlement of the non-FLSA claims. Ortiz v. Breadroll, LLC, 16-CV-7998 (JLC), 2017 WL 2079787 at * 2 (S.D.N.Y. May 15, 2017); accord Yunda v. Safi-G, Inc., 15-CV-8861 (HBP), 2017 WL 1608898 at *2 (S.D.N.Y. Apr. 28, 2017) (Pitman, M.J.) (approving the submission of two settlement agreements, one resolving plaintiff's FLSA claims that required court approval under Cheeks and the other resolving plaintiff's claims under the NYLL that did not require approval under Cheeks and containing a confidentiality clause); Santos v. Yellowstone Properties, Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 (S.D.N.Y. May 10, 2016) (Engelmayer, D.J.) (approving the submission of two settlement agreements, one resolving plaintiffs FLSA claims and the other resolving plaintiff's discrimination claims and containing a general release); Abrar v. 7-Eleven, Inc., 14-CV-6315 (ADS)(AKT),

2016 WL 1465360 at *1 (E.D.N.Y. Apr. 14, 2016) (approving similar structure).

Finally, plaintiff's counsel will receive one third of the $55,000.00 settlement figure to which the parties agreed at the conference. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sep. 19, 2013) (approving attorney's fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement and noting that such agreement "is routinely approved in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., 13-CV-6126 (NGG)(VMS), 2014

8

WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk is respectfully requested to mark this matter closed

Dated: New York, New York
March 27, 2018

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel